```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DIAN MITCHELL,

    Plaintiff,

v.                                              Civil Action No. 2:08CV6
                                                          (STAMP)

FIRST CENTRAL BANK, INC.,
RONALD CHANNEL and
DENNIS J. KLINGENSMITH,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**
**COUNTS ONE THROUGH SIX OF COMPLAINT**

### I.  Procedural History

The plaintiff, Dian Mitchell ("Mitchell"), commenced this civil action in the Circuit Court of Barbour County, West Virginia, asserting several claims against First Central Bank, Inc. and two of its employees, Ronald Channel and Dennis J. Klingensmith ("Bank defendants"), including civil conspiracy and fraud, coercion, extortion, outrage, intentional infliction of emotional distress, and violation of state and federal banking regulations.  The Bank defendants removed the case to federal court, and the case was reassigned to the undersigned judge for further proceedings.  On January 15, 2008, the Bank defendants filed a motion to dismiss Counts One through Six of the complaint.  Mitchell did not file a response to this motion to dismiss.

## II. Facts

In her complaint, Mitchell contends that Patricia Poe ("Poe"), an employee of First Central Bank, executed four loans in Mitchell's name, without Mitchell's consent. Mitchell alleges that Poe advised her to tell one of the Bank defendants that the loans were really hers and that Poe would repay the loans at a future date. Mitchell complied with Poe's request and executed renewal notes extending the loans. Nevertheless, Mitchell alleges that the Bank defendants knew the entire time that the loan did not belong to her. Mitchell further alleges that after she renewed the loans, the Bank defendants asked her to return to the Bank for a meeting on September 24, 2004, at which time they accused her of bank fraud and coerced her into signing a settlement agreement concerning the outstanding balances on the loans. For the reasons set forth below, the Bank defendants' motion to dismiss is granted.

## III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44

(quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

As an initial matter, it is important to discuss the fact that Mitchell did not respond to the motion to dismiss presently before this Court. Rule 41(b) of the Federal Rules of Civil Procedure

provides a district court with the authority to dismiss an action if the plaintiff fails to respond to a motion to dismiss. See e.g. Timmons v. United States, 194 F.2d 357, 359 (4th Cir. 1952) ("While a federal District Court is vested with inherent authority to dismiss an action for plaintiff's failure to prosecute it with reasonable diligence, the matter is one within the trial court's sound discretion."). It is recognized, however, that courts should not apply such an unforgiving and relentless sanction simply because a motion to dismiss goes unopposed. Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). See also Pomerleau v. W. Springfield Pub. Schs., 362 F.3d 143, 145 n.1 (1st Cir. 2004) ("While a district court retains discretion to dismiss a plaintiff's action . . . for failure to prosecute, lack of response to a motion to dismiss does not, without more, justify this severe sanction."); Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) ("Even so, as this court has often recognized, the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever the plaintiff's opportunity to obtain judicial redress . . . . Disposition on the merits is favored.").

The Bank defendants filed their motion to dismiss on February 8, 2008. Pursuant to Rule 7.02 of the Local Rules of Civil Procedure, Mitchell had fourteen days from the date of service of this motion to file a response. Mitchell, however, failed to file

such a response within the time provided. Because Mitchell is represented by counsel, the issue is not one of a pro se plaintiff proceeding forward in the case unaware of the local rules. Accordingly, this Court has the authority to dismiss the action for Mitchell's failure to prosecute. In keeping with the case law, however, this Court will not impose such a harsh sanction purely because Mitchell failed to file a response.

Nevertheless, the Bank defendants' motion to dismiss is granted. The Bank defendants argue in their motion that Mitchell's claims in Counts One through Six of her complaint must be dismissed as time-barred. This Court agrees. Even assuming that Mitchell's claims had merit or asserted a cause of action, these claims are time-barred by the applicable statutes of limitations.

Counts One through Five of the complaint are time-barred under the applicable statute of limitations period for personal injury claims. The statute of limitations for a personal injury action under West Virginia law is two years. W. Va. Code. § 55-2-12. Therefore, because Mitchell is asserting personal injury claims in the way of civil conspiracy and fraud, coercion, extortion, tort of outrage, and intentional infliction of emotional distress, a two-year statute of limitations is applied to her claims. See generally Syllabus Point 5, in part, Courtney v. Courtney, 427 S.E.2d 436 (W. Va. 1993) ("A claim for severe emotional distress arising out of a defendant's tortious conduct is a personal injury

claim and is governed by a two-year statute of limitations under W. Va. Code 55-2-12(b)"); <u>Stemple v. Dobson</u>, 400 S.E.2d 561, 564 (W. Va. 1990) (recognizing that W. Va. Code § 55-2-12 applies to a claim of fraud).

In her complaint, Mitchell claims that her personal injury claims occurred at a meeting with the Bank defendants on September 24, 2004. Under West Virginia law, the statute of limitations expired on September 24, 2006. Nevertheless, Mitchell did not file this suit until December 20, 2007, more than three years after the meeting, and more than a year after the statute of limitations had run. Accordingly, Mitchell's personal injury claims outlined in Counts One through Five of her complaint are time-barred under the two-year statute of limitations period stated in West Virginia Code § 55-2-12. These counts are dismissed for Mitchell's failure to state a claim upon which relief can be granted.

Because the applicable statute of limitations has also run on Count Six, this count is also dismissed. In her complaint, Mitchell alleges that the Bank defendants violated "truth-in-lending" requirements when they coerced her into signing a settlement agreement that contained false and fraudulent information. Section 1640 of the Truth in Lending Act states that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of

the violation." See also Polis v. Am. Liberty Fin., Inc., 237 F. Supp. 2d 681, 684 (S.D. W. Va. 2002) (recognizing the applicable statute of limitations for civil damages under the Truth in Lending Act is one year from the date the violation occurred).

In this case, as noted above, Mitchell signed the settlement agreement on September 24, 2004. Again, Mitchell did not file this suit until December 20, 2007. Pursuant to Section 1640 of the Truth in Lending Act cited above, the statute of limitations on this action ran on September 24, 2005. Because Mitchell signed the settlement agreement more than three years after the date of the occurrence of the violation, Count Six is time-barred under the applicable one-year statute of limitations and dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Although the Bank defendants' argue in their motion to dismiss that Counts One, Two, Three, and Four should be dismissed for alternative reasons, this Court need not address these contentions because the counts can be dismissed on the statutes of limitations bases alone.[1]

---

[1] In their motion to dismiss, the Bank defendants argue that Count One should be dismissed because members of the same corporation cannot be guilty of a conspiracy as they are considered to be one entity. Furthermore, they allege that Counts Two and Three should be dismissed because West Virginia does not recognize a civil cause of action for extortion or coercion. Finally, asserting that the tort of outrage count is duplicative to the intentional infliction of emotional distress count, the Bank defendants argue that Count Four can also be dismissed.

7

## V. Conclusion

For the above stated reasons, the defendants' motion to dismiss Counts One through Six is GRANTED. Counts Seven through Thirteen of the Complaint still remain.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 8, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE