IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIAN MITCHELL,

    Plaintiff,

v.                                       Civil Action No. 2:08CV6
                                                  (STAMP)
FIRST CENTRAL BANK, INC.,
RONALD CHANNEL and
DENNIS J. KLINGENSMITH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR DEFAULT
JUDGMENT ON COUNTERCLAIM**

I.  Procedural History

The plaintiff, Dian Mitchell ("Mitchell"), commenced this civil action in the Circuit Court of Barbour County, West Virginia, asserting several claims against First Central Bank, Inc. and two of its employees, Ronald Channel and Dennis J. Klingensmith ("Bank defendants"), including civil conspiracy and fraud, coercion, extortion, outrage, intentional infliction of emotional distress, and violation of state and federal banking regulations. The Bank defendants removed the case to federal court, and the case was reassigned to the undersigned judge for further proceedings.

On January 15, 2008, the Bank defendants filed both an answer to Mitchell's complaint and a counterclaim. On February 8, 2008, after Mitchell did not file an answer to the counterclaim within the prescribed time limit under the Federal Rules of Civil Procedure, the Bank defendants filed a motion for default judgment

on the counterclaim. On February 14, 2008, Mitchell filed an answer to the counterclaim.

## II. Facts

In her complaint, Mitchell alleges that Patricia Poe ("Poe"), an employee of First Central Bank, executed four loans in Mitchell's name, without Mitchell's consent. Mitchell contends that Poe advised her to tell one of the Bank defendants that the loans were really hers. Mitchell complied with this request and executed renewal notes extending the loans, even though she argues that the Bank defendants knew that the loans did not belong to her. After renewing the loans, Mitchell alleges that the Bank defendants accused her of bank fraud and coerced her into signing a settlement agreement concerning the outstanding balances on the loans.

On January 15, 2008, the Bank defendants filed an answer to Mitchell's complaint, as well as a counterclaim. In this counterclaim, the Bank defendants assert that as agreed upon in the settlement agreement, Mitchell is required to make semi-monthly payments to repay the four loans that she received from First Central Bank. The bank defendants allege, however, that Mitchell failed to make both her December 16, 2007, and December 31, 2007 payments; therefore, she is in default of her obligations under the settlement agreement. For the reasons set forth below, the Bank defendants' motion for default judgment on the counterclaim is denied.

III. Discussion

Rule 55 of the Federal Rules of Civil Procedure allows a district court to enter a default judgment when a party "has failed to plead or otherwise defend." Nevertheless, entry of a default judgment is a disfavored device, and the disposition of a case on its merits is the more acceptable practice. Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial 6:11 (The Rutter Group 2008). See also Tazco, Inc. v. Dir., Office of Workers. Comp. Programs, U.S. Dept. of Labor, 895 F.2d 949 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is to encourage dispositions of claims on their merits."); Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433 (E.D. Va. 2006) ("[D]efault judgments are generally disfavored.").

Furthermore, it is recognized that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days. In Dow v. Jones, 232 F. Supp. 2d 491 (D. Md. 2002), the plaintiff served the defendant with the complaint on June 19, 2002. When the plaintiff failed to answer or otherwise defend within the required time, the plaintiff moved for entry of default. Id. at 494. The clerk of court did not enter an order of default, however, and three days later, the defendant filed a motion to dismiss. Id. at 494-95. The district

3

court denied the plaintiff's later motion for default judgment, stating that it was "[m]indful of the Fourth Circuit's strong preference that cases be decided on their merits." Id. at 495. See also United States v. Mraz, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying the government's motion for default judgment when the defendant did not file an answer until twenty-one days after time expired); Henry v. Metro. Life Ins. Co., 3 F.R.D. 142, 144 (W.D. Va. 1942) (denying a motion for default judgment when defendant failed to file an answer within time prescribed by the Federal Rules of Civil Procedure).

In this case, the Bank defendants filed their answer and counterclaim on January 15, 2008. Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, Mitchell had twenty days after being served with the counterclaim to file an answer. Mitchell, however, failed to file such a response within the time provided under the Rules. Despite her failure to file, however, this Court does not find that an entry of default judgment is warranted in this case. Mitchell filed an answer to the Bank defendants' counterclaim only ten days after the Rules required. Additionally, the Bank defendants have made no showing that they were unfairly prejudiced by this ten-day delay, and they have not requested that the clerk of court enter a default under Rule 55(a)

of the Federal Rules of Civil Procedure.[1]  Therefore, in accordance with the Fourth Circuit's policy to decide cases on their merits, this Court will not enter a default judgment on the Bank defendants' counterclaim.

IV. Conclusion

For the above stated reasons, the defendants' motion for default judgment on the counterclaim is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 8, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and <u>that failure is shown by affidavit or otherwise</u>, the clerk must enter the party's defaults." (emphasis added)