IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DIAN MITCHELL,

    Plaintiff,

v.                                                  Civil Action No. 2:08CV6
                                                                           (STAMP)
FIRST CENTRAL BANK, INC.,
RONALD CHANNEL and
DENNIS J. KLINGENSMITH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO STRIKE
PLAINTIFF'S ANSWER TO COUNTERCLAIM**

I. <u>Procedural History</u>

The plaintiff, Dian Mitchell ("Mitchell"), commenced this civil action in the Circuit Court of Barbour County, West Virginia, asserting several claims against First Central Bank, Inc. and two of its employees, Ronald Channel and Dennis J. Klingensmith ("Bank defendants"), including civil conspiracy and fraud, coercion, extortion, outrage, intentional infliction of emotional distress, and violation of state and federal banking regulations. The Bank defendants removed the case to federal court, and the case was reassigned to the undersigned judge for further proceedings.

On January 15, 2008, the Bank defendants filed both an answer to Mitchell's complaint and a counterclaim. On February 8, 2008, after Mitchell did not file an answer to the counterclaim within the prescribed time limit under the Federal Rules of Civil Procedure, the Bank defendants filed a motion for default judgment

on the counterclaim.[1] Mitchell then filed an answer to the counterclaim. Thereafter, on February 19, 2008, the Bank defendants filed a motion to strike plaintiff's answer to the counterclaim.

## II. Facts

In her complaint, Mitchell alleges that Patricia Poe ("Poe"), en employee of First Central Bank, executed four loans in Mitchell's name, without Mitchell's consent. Mitchell contends that Poe advised her to tell one of the Bank defendants that the loans were really hers. Mitchell complied with this request and executed renewal notes extending the loans, even though she argues that the Bank defendants knew that the loans did not belong to her. After renewing the loans, Mitchell alleges that the Bank defendants accused her of Bank fraud and coerced her into signing a settlement agreement concerning the outstanding balances on the loans.

On January 15, 2008, the Bank defendants filed an answer to Mitchell's complaint, as well as a counterclaim. In this counterclaim, the Bank defendants assert that as agreed upon in the settlement agreement, Mitchell is required to make semi-monthly payments to repay the four loans that she received from First Central Bank. The bank defendants allege, however, that Mitchell failed to make both her December 16, 2007, and December 31, 2007

---

[1]This Court denied the Bank defendants' motion for default judgment on the counterclaim in a memorandum opinion and order entered on September 8, 2008.

payments; therefore, she is in default of her obligations under the settlement agreement. For the reasons set forth below, the Bank defendants' motion to strike plaintiff's answer to the counterclaim is denied.

III. Discussion

Rule 12(f)(2) of the Federal Rules of Civil Procedure provides a district court with the authority to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" when a party files a motion "either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Nevertheless, a motion to strike is an extreme and awesome remedy that is highly disfavored by the courts. See e.g. Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) ("A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted."); United States v. Fairchild Indus., Inc., 766 F. Supp. 405, 408 (D. Md. 1991) ("A motion to strike is a drastic remedy and is therefore not favored.").

In Canady v. Erbe Elektromedizin, GmbH, 307 F. Supp. 2d 2 (D.D.C. 2004), an almost analogous case to this case, the court held that it would not grant a motion to strike the plaintiffs' answer to the defendants' counterclaim even though the plaintiffs filed the answer more than six months after the twenty days prescribed under the Federal Rules of Civil Procedure. In that

case, the court noted that the defendants wanted to strike the plaintiffs' answer so that they could then proceed toward a default judgment.  Id. at 8.  In denying the motion to strike and recognizing that such a motion is a drastic remedy, the court stated that a motion to strike in that situation "would contravene the established policies disfavoring motions to strike . . . and favoring the resolution of cases on their merits."  Id. at 7-8.

This Court holds that a motion to strike is not appropriate in this case.  The Bank defendants filed their answer and counterclaim on January 15, 2008.  Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, Mitchell had twenty days after being served with the counterclaim to file an answer.  Mitchell, however, failed to file such a response within the time provided under the Rules.  Instead, Mitchell did not file her answer until February 14, 2008, approximately ten days after the Rules required her to file her answer.  Therefore, under Rule 12(f) of the Federal Rules of Civil Procedure, this Court could, within its discretion, grant the Bank defendants' motion to strike plaintiff's answer to the counterclaim.

Nevertheless, this Court agrees that granting such a motion to strike is a drastic remedy that is not justified.  Even if a motion to strike is "technically appropriate and well-founded," motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party."  Clark, 152 F.R.D. at 70

(citing United States v. Pretty Prods., Inc., 780 F. Supp. 1488, 1498 (S.D. Ohio 1991)). The Bank defendants have not shown that they have been prejudiced in any way by Mitchell's late filing of her answer to the counterclaim. Furthermore, similar to the court's finding in Canady v. Erbe Elektromedizin, GmbH, 307 F. Supp. 2d at 8, the Bank defendants are seemingly seeking to strike Mitchell's answer so that they can then proceed toward a default judgment. Disposing of cases on the merits, however, is favored in this Court. Accordingly, this Court will not grant the Bank defendants' motion to strike plaintiff's answer to the counterclaim.

IV. Conclusion

For the above stated reasons, the defendants' motion to strike plaintiff's answer to the counterclaim is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 8, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE